IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY McGEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-4366-P |
| | § | |
| ESHRICK PROPERTIES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Roy McGee against the company that manages his apartment building and its property manager. On October 30, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on November 16, 2012. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to assert a negligence claim against Eshrick Property Management and property manager Ashley Perkins. Plaintiff seeks compensation for injuries he sustained in a fall at his apartment, which he claims was caused by the failure of defendants to repair the plumbing and flooring of his apartment. Plaintiff further alleges that the defendants permit drug dealing and murder in the apartment building and have violated his equal rights in unspecified ways. By this suit, plaintiff seeks $2,500,000 in damages.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

B.

Plaintiff sues defendants for negligence and strict liability in tort – claims that arise exclusively under Texas law. *See, e.g., Hervey v. Nestle USA, Inc.*, No. 3:07-CV-1703-O, 2008 WL 2594762 at *1 (N.D. Tex. June 20, 2008).[1] Therefore, in order to establish federal subject matter

---

[1] The Court notes that plaintiff makes a fleeting reference to "equal rights" under 42 U.S.C. § 1981. However, he does not allege in his complaint or interrogatory responses that (1) he is a member of a racial minority; or (2) that defendants intentionally discriminated against him because of his race, which are necessary elements to support a claim under section

jurisdiction, plaintiff must demonstrate that complete diversity exists between the parties. Plaintiff has failed to meet that burden. It is clear from plaintiff's complaint and interrogatory responses that at least one defendant, Ashley Perkins, is a citizen of Texas. (*See* Mag. J. Interrog. #3). Plaintiff is also a citizen of Texas. (*See* Plf. Compl. at 1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

1981. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).

SIGNED this 20 day of November, 2012.

                                                PAUL D. STICKNEY
                                                UNITED STATES MAGISTRATE JUDGE